FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

DEC 0 7 2012

BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ALEX ANDERSON,                                       :
                                                     :      **MEMORANDUM**
                              Plaintiff,             :      **DECISION AND ORDER**
                                                     :
                 - against -                         :      12 Civ. 5826  (BMC)
                                                     :
UMG RECORDINGS INC ("UMG");                          :
ISLAND DEF JAM RECORDINGS ("IDJ"),                   :
                                                     :
                              Defendants.            :
                                                     :
--------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, a serial *pro se* litigant in this and other courts,[1] filed a complaint seeking this

Court's review of an action in the New York state courts.  Specifically, plaintiff asks the Court to

"hold in abeyance" the state court's dismissal of his action against UMG Recordings, Inc.

("UMG"), to review the state court's permanent injunction preventing plaintiff from filing

further *pro se* lawsuits against UMG, and to decide his breach of contract claim.  The Court

grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for

the purpose of this Order.  For the reasons discussed below, plaintiff's action is dismissed.[2]

---

[1] This is the sixth action that plaintiff has filed in the District Court for Eastern District of New York in the past decade.  See Anderson v. Salzman, No. 06-cv-5011; Anderson v. Chou, 06-cv-3563; Anderson v. Bampoe, No. 06-cv-5009; Anderson v. Gallery, No. 04-cv-5374; and Anderson v. Asemota, No. 03-cv-3234.  Additionally, during the same period, plaintiff has filed a number of lawsuits in the District Court for Southern District of New York, including several against the same defendants named in the Eastern District suits.  See Anderson v. Amtrak, Nat'l R.R. Passenger Corp., No. 09-cv-5183; Anderson v. Bampoe, No. 05-cv-9755; and Anderson v. Salzman, No. 05-cv-9754.

[2] Plaintiff has also filed an amended complaint based on the same allegations.  The only difference between the complaint and the amended complaint is that, in the amended complaint, plaintiff lists a number of additional "movants" and "interested parties," many of whom are public figures or celebrities.  This distinction is not material to the Court's analysis and, therefore, the Court uses the term "complaint" to refer to both the initial complaint and the amended complaint.

## BACKGROUND

In support of his complaint, plaintiff submitted voluminous hard-copy exhibits, including filings from his earlier state court proceedings. The Court has examined those exhibits in order to understand the nature of the state court proceedings and the context of the instant action.

In June 2011, plaintiff filed an action *pro se* in the Supreme Court of the State of New York, New York County, Index Number 401972/2011 (the "State Court Action"), asserting claims against UMG for RICO violations and breach of contract. UMG moved to dismiss the State Court Action and enjoin plaintiff from commencing further *pro se* actions against it. In an order dated October 20, 2011, the state court granted UMG's motion dismissing the State Court Action, "permanently enjoined [plaintiff] from filing any further pro se actions against defendant UMG[,]" and ordered that UMG could obtain an *ex parte* dismissal of any action filed by plaintiff in violation of the order.

Plaintiff now asks this Court to review and reverse the October 20, 2011 order in the State Court Action. Specifically, plaintiff asks this Court to reverse the dismissal of the State Court Action and rule that UMG defaulted in that action. Further, plaintiff seeks some unspecified declaration concerning the purported contract at issue in the State Court Action. Finally, although it is not clear exactly what relief plaintiff is seeking, plaintiff invites this Court to review the permanent injunction in the State Court Action preventing him from filing further *pro se* lawsuits against UMG.

## DISCUSSION

According to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a

2

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In order to state a claim, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). In construing a plaintiff's complaint, the Court is required to assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint[.]" Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)). Additionally, the Court is required to read a *pro se* plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007), and interpret it as raising the strongest arguments it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Even a *pro se* plaintiff, however, must establish that the court has subject matter jurisdiction over the action. See, e.g., MLC Fishing, Inc. v. Velez, 667 F.3d 140, 141 (2d Cir. 2011) ("The burden of demonstrating subject matter-jurisdiction lies with the party asserting it."). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff's complaint contains a passing reference to § 1331, as well as a number of federal criminal statutes. The Court will assume that plaintiff is invoking the Court's federal question jurisdiction. Notwithstanding this assumption, the Court must dismiss the action because, according to the Rooker-Feldman doctrine, the Court is precluded from exercising its

3

jurisdiction. See Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 133 (S.D.N.Y. 2002)

("The Rooker-Feldman doctrine is a judicially-created doctrine of abstention based on principles

of comity. The doctrine precludes federal district court jurisdiction where the suit is in fact a

collateral attack on a final state court judgment.").

The Rooker-Feldman doctrine applies to cases "brought by [a] state-court loser[ ]

complaining of injuries caused by state court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005).

In Hoblock v. Albany Cnty. Bd of Elections, the Second Circuit set forth four factors to

determine whether the Rooker-Feldman doctrine applies:

> First, the federal-court plaintiff must have lost in state court. Second, the
> plaintiff must complain [ ] of injuries caused by [a] state-court judgment [.]
> Third, the plaintiff must invit[e] district court review and rejection of [that]
> judgment [ ]. Fourth, the state-court judgment must have been rendered before
> the district court proceedings commenced – i.e., Rooker–Feldman has no
> application to federal-court suits proceeding in parallel with ongoing state-court
> litigation.

422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks omitted).

Here, plaintiff plainly lost in the State Court Action; his action was dismissed and he was

enjoined from initiating further *pro se* actions against UMG. Further, plaintiff's claims in the

State Court Action were dismissed by an Order dated October 21, 2011, over a year before

plaintiff commenced his action before this Court. Plaintiff explicitly invites this Court to review

and reject the rulings in the State Court Action, particularly the supposed ruling that UMG did

not default in the State Court Action. In fact, plaintiff purports to bring this action under Rule

60(b) of the Federal Rules of Civil Procedure, a provision that allows a district court to relieve a

party from final judgment. Finally, although plaintiff's complaint does not detail the specific injuries that the rulings in the State Court Action cause him, a fair reading of the complaint is that plaintiff seeks to continue pressing the claims underlying the State Court Action and that the October 21, 2011 dismissal order injures him by preventing him from doing so. Therefore, the Court concludes that all of the <u>Hoblock</u> factors are present and that the <u>Rooker-Feldman</u> doctrine applies to preclude the Court's exercise of jurisdiction over plaintiff's action. Indeed, because plaintiff's complaint is, in essence, an attempt to appeal a state court judgment, it is a paradigmatic example of a lawsuit that the <u>Rooker-Feldman</u> doctrine is designed to keep out of federal court. <u>See Lipin</u>, 202 F. Supp. 2d at 132-33 ("The <u>Rooker-Feldman</u> doctrine is based on the 'strictly original' subject matter jurisdiction of the federal district courts, which precludes them from sitting as appellate tribunals to review state court judgments").

Finally, the Court notes its authority to impose injunctions that prevent vexatious litigants from filing lawsuits without first obtaining permission from the Court. <u>See, e.g., In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984). Although the Court will not exercise its authority at this juncture, plaintiff is hereby advised that if he commences a pattern of meritless and harassing litigation that impairs the Court's ability to carry out its Constitutional duties, the Court may consider whether such an injunction would be appropriate.

5

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       December 6, 2012

6